SMITH
  v.     ) APPEAL.
BUCHANNON'S LESSEE. )

HAYES & COOKE, for the appellant.

WHITESIDE, for the appellant (appellee).

WHITE, J., delivered the opinion of the court:—

After the plaintiff in the court below had produced proof going to show that his grant covered the land now claimed, Smith produced, and caused to be sworn as a witness, the surveyor, who had signed the plate and certificate attached to Buchannon's grant, and asked him several questions relative to the place he surveyed, each of which the witness refused to answer, stating that the answers might criminate him; and the court, although applied to, refused to compel any answers. To this refusal of the court, an exception was taken; and one question here is, whether the circuit court erred in that respect?

It was admitted by Buchannon's Counsel that no actual survey had been made of the premises prior to the issuance of the grant.

A copy of Buchannon's entry was introduced, which calls for land on the North side of Elk river, beginning where Amos Balchs' entry end, running up both sides of Little River, including trees marked D. B.; and produced some testimony tending to prove that the trees now claimed as the beginning of the grant are the same trees which the entry calls to include. The court were requested by Smith's counsel to instruct the jury that the entry could have no effect, as evidence, to establish those trees as the beginning of the grant; and that as no survey had been made and this grant called for the fork of the creek, and was now claimed to be on the main creek, the call for the trees should be disregarded, because they were not objects of notoriety.

The court refused to give such instructions, and charged the jury that if the trees now claimed as the beginning were proved to be the trees spoken of in the entry, they ought to find a verdict in favor of Buchannon; and that if the grant was fair upon its face, it was good. To this charge an exception was taken; and here a second question is raised, whether the court erred in the charge to the jury?

(1) Upon the first point I am of opinion that the surveyor could not legally be compelled to answer any question which would lead to show that his certificate was false. He acted as a public officer, upon oath; and in pursuance of his duty had certified that he had surveyed this land; he ought not, then, to be compelled to answer any question tending to show that his certificate was untrue. Although it would seem, taking some of the questions proposed in the abstract, he might answer them without criminating himself, yet the answers would have a tendency to mislead the court and jury, unless by a

further examination he is compelled to explain his answers by showing he never did make any survey. The court do not believe that in a case like the present, the judgment ought to be reversed unless it could be perceived that the answering these questions would produce a different verdict. Now no such event could be fairly produced. If he never surveyed the land, he could not state that he actually began anywhere, or that he actually run any course, and he could therefore give no evidence that would be of any use to Smith. To reverse this judgment and direct another trial with a view to let in evidence which we plainly see could be of no avail would answer no useful purpose—it might put the witness a second time to the rack, without any prospect of benefiting the party.

Upon this point, the court do not believe that the judgment ought to be reversed.

(2) The second question brings us to a view of the charge to the jury.

It is not of the essence of a grant that an actual survey should have preceded it. Although no survey were ever in fact made, if the land is so described in the grant that it can be identified, and its boundaries ascertained, it ought to hold the land. (3) The surveyor is the officer of the government, the grantee is forced to intrust, and has no power over him. The laws prescribing his duties are directory to him, and if he certifies that he did survey the land, upon which certificate a grant issues, the grantee is entitled to the same benefit as if there had been an actual survey. The circumstance, therefore, of there being no actual survey will make no difference. If there had been an actual survey, and the land is so described that you cannot tell where it lies, the grantee

63

could hold no land; and if there is no survey, and yet there is such a description as will enable the claimant to identify it and show the boundaries, the object of the law is complied with, and the title will be good.

(4) No grant ought to be made void for uncertainty if it contains such calls as will enable the grantee, by any reasonable intendment, to fix it to any certain piece of ground. It is the wish of the law that every grant should avail something—the will of the grantor to pass and the will of the grantee to receive, an interest in the premises, should have full effect, if possible. Even in England, the kings' grant, if made for a valuable consideration, shall be favorably construed for the grantee, and it ought to be much more so in this country.

(5) When we come to points that are intended to vest legal titles, notoriety is out of the question. Identify the place, show the boundaries, and that is all the law requires. Whether others know of this legal title or not, is wholly immaterial. To look at the face of the grant, we would not take up the idea that it was void on account of uncertainty. If the trees called for as the beginning can be found, the place is identified, and by running the courses and distances, the boundaries are ascertained; so that the grantee will be able to hold the land from all those who have not a prior claim to it, whether they knew of the title before or not.

But the main difficulty still exists. Was it competent for the grantee to use his entry for the purpose of aiding him to establish that the trees claimed as his beginning are really those called for in the grant?

(6) The court are of opinion that if he adduced satisfactory evidence that the trees which he now claims to begin at are the same that are called for in the entry, and

that the entry is connected with the warrant on which his grant issued, these facts might very properly be left to the jury, as circumstances, from which they might infer if they chose, the principal fact, that these are the very trees at which the grant intended to begin. However, these circumstances would be only *prima-facie* or presumptive evidence, and not conclusive. The presumption raised by these might be repelled or strengthened by other proof, either express or circumstantial. The jury ought to have been so instructed, and then left to draw their own conclusions from all the circumstances whether it was the place intended to be granted or not. It appears to the court that the statement of the circuit judge to the jury, as worded, was too strong—it might have mislead them.

The judgment must, therefore, be reversed, and the cause remanded for a new trial.